IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U-FUEL, INC. (NV) | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HIGHLAND TANK & | : | |
| MANUFACTURING COMPANY, INC., | : | |
| STEEL TANK INSTITUTE, | : | |
| CERTIFIED PETROLEUM | : | |
| TECHNOLOGIES, INC., | : | |
| MODERN WELDING COMPANY | : | NO. 02-2723 |
| OF OHIO, INC. | : | |

### CASE MANAGEMENT ORDER NO. 1

**AND NOW**, this 25th day of July, 2002, following an Initial Pretrial Conference on said date, **IT IS ORDERED** as follows:

**I.  Settlement and Alternative Dispute Resolution Procedures**

The parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) with respect to settlement on or before August 30, 2002. In the event the case is not settled on or before August 30, 2002, counsel shall include in their joint written report a statement as to whether they believe a settlement conference before a magistrate judge or some other form of alternative dispute resolution might be of assistance in resolving the case and, if so, the form of alternative dispute resolution on which they agree, and the date by which they will be prepared to begin such proceedings;

**II.     Designation of Lead and Liaison Counsel**

Liaison counsel with whom the Court will communicate with respect to scheduling and similar matters are as follows:

    A.  Plaintiff, Gavin P. Lentz, Esquire
          BOCHETTO & LENTZ, P.C.
          1524 Locust Street

        Philadelphia, Pennsylvania 19102
        (215) 735-3900; and,

B.  Defendants, John M. Augustyn, Esquire
        LEYDIG, VOIT & MAYER, LTD.
        Two Prudential Plaza, Suite 4900
        Chicago, Illinois 60601-6780
        (312) 616-5600.

**III.**   **Preliminary Injunction**

A.  The Court conducted a hearing on plaintiff's Motion for Preliminary Injunction on July 22 through July 25, 2002.

B.  On or before August 15, 2002, plaintiff shall file and serve a supplemental memorandum of law covering, <u>inter alia</u>, issues related to plaintiff's method/apparatus position and defendants' intervening rights argument;

Defendants shall file and serve a responsive memorandum of law on any issues raised by plaintiff in its supplemental memorandum of law and any other issues on or before August 29, 2002;

Plaintiff is granted leave to file and serve a reply memorandum of law on or before September 9, 2002; and,

C.  Two (2) copies of each of the documents identified in paragraph (B) above shall be served on the Court (Chambers, Room 12613) when the originals are filed.

**IV.**   **Discovery**

A.  All fact discovery on liability and damages (including depositions) shall be completed on or before November 22, 2002;

B.  Plaintiff shall, on or before September 6, 2002, identify and submit curriculum vitae for all expert witnesses on liability and damages. On or before October 11, 2002, plaintiff shall serve defendants with reports and/or responses to expert witness discovery for all such expert witnesses;

2

C. Defendants shall, on or before October 25, 2002, identify and submit curriculum vitae for all expert witnesses on liability and damages. On or before November 15, 2002, defendants shall serve plaintiff with reports and/or responses to expert witness discovery for all such expert witnesses; and,

D. Supplemental expert witness reports on liability may be submitted with leave of Court after the Court rules on the issues presented at the hearing pursuant to <u>Markman v. Westview Instruments, Inc.</u>, 116 S.Ct. 1384 (1996) ("<u>Markman</u> Hearing").

**V. <u>Markman Hearing</u>**

A. A <u>Markman</u> Hearing is **SCHEDULED** for November 1, 2002, at 10:30 A.M., in Courtroom 12-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. The hearing will continue on November 4, 2002, and thereafter from day-to-day until completed;

B. On or before October 18, 2002, by 12:00 noon, plaintiff shall file and serve on defendants its <u>Markman</u> brief together with any expert reports it intends to submit with respect to claim construction;

C. On or before October 25, 2002, by 12:00 noon, defendants shall file and serve on plaintiff their <u>Markman</u> brief together with any expert reports they intend to submit with respect to claim construction;

D. Witness and exhibit lists for the <u>Markman</u> Hearing shall be filed and served on or before the close of business on October 30, 2002; and,

E. The <u>Markman</u> briefs shall not exceed thirty (30) pages in length. Two (2) copies of each <u>Markman</u> brief and each witness and exhibit list for the <u>Markman</u> Hearing shall be served on the Court (Chambers, Room 12613) when the originals of such briefs and lists are filed.

**VI. <u>Protective Orders and Confidentiality Issues</u>**

The parties submitted, and the Court signed on July 22, 2002, a Stipulated Protective Order.

**VII. <u>Dispositive Motions</u>**

The scheduling of the filing of dispositive motions will be deferred by the Court until the Court rules on the <u>Markman</u> motion. In the event counsel deem it appropriate to file dispositive motions before the Court decides the <u>Markman</u> motion, they shall discuss the issue and submit a proposed amendment to the Scheduling Order covering the filing of dispositive motions at an earlier date.

**VIII. <u>Joinder of Parties and Amendment of Pleadings</u>**

The parties reported that on the present state of the record they do not intend to join any additional parties or amend their pleadings.

**IX. <u>Bifurcation</u>**

The Court will defer a decision with respect to bifurcation of issues of liability and damages or any other issues.

**X. <u>Second Pretrial Conference</u>**

A Second Pretrial Conference will be scheduled, if needed, at the conclusion of the <u>Markman</u> Hearing. At that conference, the Court will address issues relating to settlement, the filing of dispositive motions (if not previously filed), and issue-limiting motions, a timetable for serving supplemental expert reports (if necessary), any proposed bifurcation of issues, the setting of a trial date, and related matters.

**BY THE COURT:**

**JAN E. DUBOIS, J.**