**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **U-FUEL, INC. (NV)** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | |
| **HIGHLAND TANK &** | : | |
| **MANUFACTURING COMPANY, INC.,** | : | |
| **STEEL TANK INSTITUTE,** | : | |
| **CERTIFIED PETROLEUM** | : | |
| **TECHNOLOGIES, INC.,** | : | |
| **MODERN WELDING COMPANY** | : | **NO. 02-2723** |
| **OF OHIO, INC.** | : | |

**CASE MANAGEMENT ORDER NO. 3**

**AND NOW**, this 28th day of October, 2002, upon consideration of the request of defendants

for a continuance of the *Markman* Hearing presently scheduled for November 1, 2002,[1] and the

Court concluding that the reasons given by defendants warrant a continuance of the *Markman*

Hearing,[2] and good cause appearing, **IT IS ORDERED** that the *Markman* Hearing scheduled for

November 1, 2002, is **CONTINUED** until further order of the Court.   The Court will initiate a

status conference by telephone after it rules on Plaintiff's Motion for Preliminary Injunction.

**BY THE COURT:**

_____

_____
                                              **JAN E. DUBOIS, J.**

_____

[1]The request was included in a letter from counsel for defendants, Highland Tank & Manufacturing Company, Inc., Steel Tank Institute, and Modern Welding Company of Ohio, Inc., dated October 24, 2002.

[2]Defendants requested a rescheduling of the *Markman* Hearing for two reasons: (1) a continuance will enable " . . . the parties to absorb the Court's ruling on Plaintiff's Motion for Preliminary Injunction and determine the implications (if any) that it may have as to disputed claim construction issues" (the Court anticipates issuing the opinion during the week of October 28, 2002); and (2) a continuance would give the parties time to explore settlement possibilities ". . . without having to first incur the large costs and fees that will be associated with a multi-day testimonial hearing on *Markman* issues."